**Barbara Lundstrom STAHLHUT, Appellant,**

v.

**Robert Edward STAHLHUT, Respondent.**

No. 38526.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied
April 10, 1978.

Armstrong, Teasdale, Kramer & Vaughan, Justin C. Cordonnier, St. Louis, for appellant.

Donald K. Gerard, Donald E. Heck, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-wife has appealed from an order granting her husband's motion to modify a prior divorce decree. The order relieved defendant-husband of further obligation to pay alimony. We affirm.

The trial court granted the divorce in 1973 and awarded plaintiff custody of the two minor children. Additional awards: Plaintiff was to receive $300 per month child support and $140 a month alimony; the family home and contents; medical and dental insurance coverage for the children; tuition and costs of books for each of the children's college education; a $10,000 insurance policy on defendant's life; payment of all debts incurred before the parties' separation; a motor vehicle and $350 attorney fees.

Defendant-husband filed a motion to modify in 1975. The court applied V.A.M.S., § 452.370(1) to its findings of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable and terminated future payment of maintenance to plaintiff. Plaintiff-wife has appealed from that order, contending it is not supported by the evidence.

Our review is limited by principles of *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo. 1976). There being no issue of law, we must affirm if the decree is supported by substantial evidence.

■ At the time of divorce plaintiff was unemployed but soon went to work as a typist at $400 a month; when the motion was heard her salary had increased to $654 a month.

Plaintiff has challenged the termination of her maintenance award. She testified she needs $215 a month for personal expenses and $264 a month for half of the joint expenses of herself and the children, a total monthly expense of $479. Considering defendant's continuing obligation to pay plaintiff $300 a month for child support, plaintiff's personal expenses are $179 a month. She earns $654 a month and had $1,700 in savings. The trial court did not err in terminating plaintiff's $140 a month alimony.

■ Plaintiff's second point relied on is that "The trial court erred in awarding appellant only half her attorney's fee." The point is patently abstract and fails to comply with Rule 84.04(d), V.A.M.R., by stating wherein and why the trial court erred.

Order affirmed.

SMITH and McMILLIAN, JJ., concur.